IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERCY MCCALL<br>11472 Brundidge Terrace<br>Germantown, MD 20876<br><br>          **Plaintiff,**<br><br>v.<br><br>JENNY R. YANG,<br>    Chair,<br>UNITED STATES<br>    EQUAL EMPLOYMENT<br>    OPPORTUNITY COMMISSION<br>131 M St NE<br>Washington, DC 20002<br><br>          **Defendant.** | C.A. No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551-559 *et seq.* (2011), brought by Plaintiff, Mercy McCall ("McCall"), against Defendant, Jenny R. Yang, Chair, United States Equal Employment Opportunity Commission ("EEOC"). Defendant violated the APA because the EEOC failed to process Plaintiff's administrative claims of discrimination in accordance with its regulations, policies, and procedures; or in the alternative, it applied procedures inconsistent, and in violation of procedures mandated by Congress as set forth in Section 717 of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-16.

### Jurisdiction

2. This Court has jurisdiction over this claim pursuant to 5 U.S.C. § 702.

### Venue

1

3. At all times relevant to this Complaint, Plaintiff's underlying administrative claims were processed by Defendant at 131 M Street, NE, Washington, DC 20507.

## Parties

4. McCall is an adult domiciled and residing in Maryland.

5. Plaintiff was at all times relevant to this Complaint a "person" within the meaning of 5 U.S.C. § 551(2).

6. Plaintiff was at all times relevant to this Complaint admitted as a "party" in an agency proceeding before Defendant within the meaning of 5 U.S.C. § 551(3).

7. Defendant is presently the Chair of the EEOC. Defendant's Federal Officer personally responsible for compliance with any order issued by this Court in this action is Carlton M. Hadden, Director, Office of Federal Operations. At the time of the "agency action(s)" at issue in this Complaint, Defendant and Defendant's Federal Officer held office within the boundaries of the District of Columbia.

8. Defendant, at all times relevant to this Complaint was engaged in "agency action" within the meaning of 5 U.S.C. § 551.

## Facts

9. In August 2008, McCall filed an administrative complaint of discrimination against her employer, the U.S. Postal Service ("USPS"), with Defendant. The USPS assigned an internal Agency Number of 6U-000-0007-08, and Defendant assigned case number EEOC 531-2008-00369X to Plaintiff's administrative complaint.

10. On May 25, 2010, an EEOC administrative judge issued a decision on McCall's claims in accordance with Defendant's regulation 29 C.F.R. § 1614.109(g).

11. In this decision, the administrative judge issued a mandatory order to the USPS as follows:

> EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision.

12. EEOC regulations state that "[w]hen an administrative judge has issued a decision under § 1614.109 ...(g)... the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision." 29 C.F.R. § 1614.110(a).

13. EEOC regulations state that "[a] complainant may appeal an agency's final action" but that such appeals "must be filed within 30 days of receipt of the ... final action." 29 C.F.R. §§ 1614.401(a) and 402(a).

14. The EEOC administrative judge also advised McCall that "[i]f the Agency has *not* issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision" (emphasis in original).

15. Section 717 of Title VII of the Civil Rights Act of 1964 mandates federal agencies to give notice to an employee "of any final action taken on any complaint of discrimination filed by him [or her]." 42 U.S.C. § 2000e-16.

16. The USPS did not issue a final order or final action within forty calendar days of the May 25, 2010 decision of the EEOC administrative judge.

17. When the USPS did not issue a final order nor a final action, McCall made inquiries with the USPS and also contacted her Congressional representative.

18. The USPS never issued a final order nor a final action in accordance with the EEOC administrative judge's order or in compliance with EEOC regulations.

19. On September 20, 2012, McCall filed an administrative appeal to the EEOC's Office of Federal Operations.

20. Defendant assigned the administrative appeal the case number 01-2012-3561.

21. As the USPS never issued a final order or final action, McCall's administrative appeal was timely filed within the regulations set forth by Defendant.

22. On September 12, 2014, Defendant issued an administrative decision entitled "Dismissal of Appeal," asserting McCall's administrative appeal was untimely because:

> EEOC Regulation 29 C.F.R. § 1614.109(i) states that if an Agency does not issue a final decision within 40 days of receipt of the AJ's decision, then the decision of the AJ shall become the final action of the Agency. Further, EEOC Regulation 29 C.F.R. § 1614.402(a) states that an appeal must be filed within 30 days of an Agency's final action. Therefore to be considered timely, Complainant must have filed the appeal within 30 days of the date when the AJ's decision became the final action of the Agency.

23. Defendant's September 12, 2014 decision on the administrative appeal is not in compliance with its obligations under Section 717 of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-16.

24. Pursuant to 29 C.F.R. § 1614.405(c), McCall sought reconsideration from Defendant of its decision on September 26, 2014.

25. Defendant assigned the reconsideration request the case number 0520150003.

26. On March 16, 2015, McCall received an administrative decision entitled "Denial" from Defendant.

27. Defendant's based its Denial on the same reasoning as stated in its September 12, 2014 decision on the administrative appeal.

### McCall Exhausted Her Administrative Remedies

28. Paragraphs 1-26 above are hereby fully incorporated by reference as if set forth fully herein.

29. McCall sought reconsideration from Defendant as stated in paragraphs 24-25 above, and Defendant denied the request for reconsideration as stated in paragraph 26 above.

### Count I

30. Paragraphs 1-28 above are hereby incorporated by reference as if set forth fully herein.

31. Defendant's actions in dismissing Plaintiff's administrative complaint without requiring the USPS to issue a final order or final action is not in accordance with its obligations under Section 717 of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16), and therefore in violation of 5 U.S.C. § 706.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

1. Grant Judgment in her favor against Defendant;

2. Grant her declaratory and permanent relief;

3. Order Defendant to reopen and process her administrative claim in accordance with the Order of this Court; and,

4. Grant other such relief as the Court may deem just and proper.

### Jury Demand

Plaintiff is not demanding a trial by jury.

Respectfully submitted,

_____
Kevin L. Owen, Esq.
Bar Number: MD16693
The Law Offices of Gary M. Gilbert
& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, D 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: kowen@ggilbertlaw.com


_____
Anthony J. Kaminski, Esq.
Bar Number: MD0006
The Law Offices of Gary M. Gilbert
& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, D 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: akaminski@ggilbertlaw.com

Dated: June 12, 2015                    Attorneys for Plaintiff