# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

MERCY MCCALL,

       Plaintiff

  v.

JENNY R. YANG, Chair, Equal Employment
Opportunity Commission,

       Defendant

</td><td>

Civil Action No. 15-912 (CKK)

</td></tr>
</table>

## MEMORANDUM OPINION
(April 12, 2016)

Plaintiff Mercy McCall filed an administrative discrimination complaint against her employer, the United States Postal Service, with the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964, as amended. Dissatisfied with the results of those proceedings, she now brings this case under the Administrative Procedure Act against Defendant Jenny Yang, chair of the EEOC, challenging the EEOC's handling of her case. Before the Court is Defendant's [15] Motion to Dismiss. Defendant argues (1) that there is no jurisdiction over the claims in this action either under the Administrative Procedure Act or under Title VII and (2) that Plaintiff's Amended Complaint fails to state a claim under either of those statutes. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendant's [15] Motion to Dismiss. The Court concludes that, although this Court has jurisdiction over this case, the

---

[1] The Court's consideration has focused on the following documents:

- Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 15;
- Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 16; and
- Def.'s Reply in Supp. of their Mot. to Dismiss ("Def.'s Reply"), ECF No. 18.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, this case is dismissed in its entirety.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Amended Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

Plaintiff filed an administrative discrimination complaint against her employer, the United States Postal Service, in August 2008, with the EEOC. Am. Compl. ¶ 9. On May 25, 2010, an EEOC administrative judge issued a decision on Plaintiff's claims. *Id.* ¶ 10. That order noted that EEOC regulations require that the employing agency take final action on the complaint by "issuing a final order notifying the complainant whether the Agency will fully implement this decision within forty (40) days of receipt of the hearing file and this decision." *Id.* ¶ 11; *see id.* ¶ 12 (citing applicable EEOC regulation codified at 29 C.F.R. § 1614.110(a)). The Postal Service did not issue a final order or final action within 40 days of the May 25, 2010, decision by the administrative judge. *Id.* ¶ 16. Nor did the Postal Service ever issue such a final decision. *Id.* ¶ 18. More than two years after the issuance of the decision of the administrative judge, on September 20, 2012, Plaintiff filed an administrative appeal with the EEOC's Office of Federal Operations. *Id.* ¶ 19. On September 12, 2014, Plaintiff's administrative appeal was denied on the grounds that it was not timely filed. *Id.* ¶ 22. Plaintiff's request for reconsideration by the EEOC was denied, as well, on the same grounds. *Id.* ¶¶ 24-27. In this case, Plaintiff claims that the dismissal of Plaintiff's administrative complaint without requiring the Postal Service to issue a final order or final action violates her substantive rights under Title VII and,

therefore, violates the provisions of the Administrative Procedure Act. Defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court begins with the presumption that it does not have subject matter jurisdiction over a case. *Id.* To survive a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

# III. DISCUSSION

Defendant argues that this Court does not have subject matter jurisdiction over the putative claims in this action and that the Amended Complaint fails to state a claim upon which relief can be granted. As the Court explains below, several of the parties' arguments appear to arise from drafting flaws in the several filings before the Court or confusion between the parties. Because those arguments are effectively resolved in the exchange of briefs between the parties, those arguments merit only a brief discussion here. Ultimately, the parties' core remaining dispute is whether Plaintiff may assert a claim under the Administrative Procedure Act ("APA") for what she claims are violations of the procedural requirements of Title VII. The Court concludes that she may not, and therefore it dismisses this case for failure to state claim.

## A. Subject Matter Jurisdiction

In her original Complaint, Plaintiff relied solely on the APA to establish subject matter jurisdiction. *See* Compl., ECF No. 1, ¶ 2. In her Amended Complaint, Plaintiff relies on the APA, Title VII, and 28 U.S.C. § 1331 for jurisdiction. *See* Am. Compl. ¶ 2. Following Plaintiff's lead, Defendant moved to dismiss, arguing that the Amended Complaint must be dismissed for lack of subject matter jurisdiction because there is no jurisdiction under either the APA or Title VII. Plaintiff then responds that the motion to dismiss misses the mark because there is jurisdiction under 28 U.S.C. § 1331, the general statutory provision establishing jurisdiction over cases arising under federal law. While Plaintiff acknowledges that the APA does not provide jurisdiction, *see* Pl.'s Opp'n at 4 (citing cases), she does not acknowledge that the Amended Complaint incorrectly relied on the APA and Title VII as jurisdictional bases. In short, as

clarified by her Opposition, Plaintiff only relies on section 1331 for jurisdiction.[2] Notably, Defendant never effectively contests Plaintiff's assertion of jurisdiction under section 1331, *see* Def.'s Mot. at 2-4; Def.'s Reply at 1-3, and the Court concludes that there is jurisdiction under that section for any claims properly asserted pursuant to Title VII or the APA.

## B. Failure to State a Claim

Defendant argues that the Amended Complaint fails to state a claim upon which relief can be granted under either Title VII or the APA. The Court begins with Title VII.

With respect to Title VII, Plaintiff effectively concedes that Title VII does not provide a cause of action for her claims in this case. *See* Pl.'s Opp'n at 7 (justifying APA claim on the basis that "Title VII affords no remedy for the Defendant's failure to enforce the proper processing of Plaintiff's complaint"); *see also id.* at 6 ("Even assuming Title VII offers no cause of action for Plaintiff's claim, Plaintiff nevertheless states a claim because the APA provides a cause of action."). Aside from these explicit statements, the Court could simply consider Plaintiff to have conceded the point as she wholly fails to rebut Defendant's argument that Title VII does not support a claim against the EEOC based on its handling of Plaintiff's administrative complaint. *See* Pl.'s Opp'n at 5-9. Indeed, conceding this argument is prudent as applicable case law forecloses any such a claim under Title VII against the EEOC. *See Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (holding that there is "no cause of action against the EEOC exists for challenges to its processing of a claim").

---

[2] It is wise of Plaintiff not to rely on the APA as a grant of jurisdiction for this action. *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006) (APA does not confer subject matter jurisdiction). Similarly, none of Title VII's special jurisdictional provisions allow an aggrieved employee to bring an action against the EEOC in these circumstances. *See* 42 U.S.C. §§ 2000e-5(f)(3), 2000e-6(b), 2000e-16(c).

Finally, the Court turns to the viability of a claim against the EEOC under the APA. In light of Plaintiff's concessions and the parties' responses to each other's positions, this issue is effectively the only disputed issue in this case. Although this question is genuinely disputed by the parties, the answer is clear: the APA does not provide a cause of action to challenge the actions taken by the EEOC in processing Plaintiff's discrimination complaint.

Plaintiff argues that she can bring a claim against the EEOC under the APA regarding the agency's processing of her complaint under the provision for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Plaintiff concedes that she would have adequate review of the *merits* of the agency's substantive decision regarding her discrimination claim because she could have brought a *de novo* action against her employer in Federal district court. *See* Pl.'s Opp'n at 7. However, Plaintiff argues that she does not have an adequate remedy "to enforce the proper processing of Plaintiff's complaint." *Id.* However, the distinction that Plaintiff attempts to draw is foreclosed by precedent. Indeed, the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") held, in an unpublished order, that "de novo review provides an adequate remedy in a court within the meaning of 5 U.S.C. § 704 for complaints about the EEOC's administrative process, precluding an APA challenge to the EEOC's procedures." *Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) (citing *Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983); *Stewart v. EEOC*, 611 F.2d 679, 682-84 (7th Cir. 1979)).

More generally, "[f]or agency action to be 'final' and reviewable under the APA, it must generally 'mark the consummation of the agency's decisionmaking process' *and* either determine 'rights or obligations' or result in 'legal consequences.' "*Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 800 (D.C. Cir. 2006) (quoting *Bennett v. Spear*, 520 U.S.

Case 1:15-cv-00912-CKK  Document 20  Filed 04/12/16  Page 7 of 8

154, 178 (1997) (citations and internal quotation marks omitted)) (emphasis in original). But the agency's processing of Plaintiff's administrative complaint neither determines Plaintiff's "rights or obligations" nor "results in 'legal consequences.' " The aspects of the EEOC's process that Plaintiff purports to challenge had no such effects because Plaintiff maintained the right to bring an action in Federal district court regardless of the EEOC's actions—or lack thereof. None of the EEOC's actions removed Plaintiff's private right of action. Nor could those actions have affected the outcome of any such civil action that Plaintiff could have brought in district court (but chose not to file).

Indeed, the two opinions of other Circuit Courts of Appeals on which the D.C. Circuit relied for its unpublished order in *Wright* reached the same conclusion—that there is no cause of action under the APA to challenge processing of a complaint by the EEOC. *See Ward*, 719 F.2d at 314 (holding that Title VII's private right of action constituted an "adequate remedy in court" such that there is no cause of action under the APA to challenge the EEOC's handling of a discrimination claim); *Stewart*, 611 F.2d at 684 ("As an 'adequate remedy in a court' is available to appellants herein, their claims in this case are without merit.").

Plaintiff has provided no basis to distinguish these several decisions from the case at hand. Plaintiff emphasizes that several of the cases on which Defendant relies pertain to private employers rather than the Federal government as an employer. Although that there are some procedural differences in the handling of administrative complaints against private employers as opposed to against the Federal government, those distinctions are immaterial with respect to the question at hand: whether the EEOC's actions constitute final agency action for which there is no adequate remedy in court. None of the decisions discussed above, from the D.C. Circuit's decision in *Wright* to the decisions from other Circuits, suggest any relevance to the *type* of

employer. Rather each of those decisions emphasizes that an adequate remedy in court exists with respect to *procedural* challenges against the EEOC because a complainant may pursue a *substantive* discrimination claim in Federal district court. The same result applies here. No matter how Plaintiff attempts to reframe the legal question, doing so does not change the necessary conclusion: that the EEOC's putative mishandling of Plaintiff's administrative complaint is not a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. As a result, those processing decisions are not subject to judicial review under the APA. Accordingly, the Court concludes that Plaintiff's Amended Complaint fails to state a claim under the APA, just as it did under Title VII.[3]

## IV. CONCLUSION

For the foregoing reasons, although the Court concludes that it has jurisdiction over this action, the Court GRANTS Defendant's [15] Motion to Dismiss on the basis that the Amended Complaint fails to state a claim upon which relief can be granted. This case is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: April 12, 2016

                                          /s/
                                   COLLEEN KOLLAR-KOTELLY
                                   United States District Judge

---

[3] Insofar as Plaintiff attempts to challenge the agency's regulation codified at 29 C.F.R. § 1614.109(i) as arbitrary and capricious, the Court agrees with Defendant that this claim is not fairly encompassed within the Complaint. *See* Def.'s Reply at 3 n.1. Plaintiff may not amend her Complaint via legal briefing in her opposition to a motion to dismiss. In any event, Plaintiff has provided no basis for the Court to conclude that the regulation is arbitrary and capricious.